RECEIVED AND FILED

2007 JUL 16  AM II: 57

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P R

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF:

PROPOSED NEW LOCAL CRIMINAL
RULE 144.2, LOCAL CIVIL RULE 1 (g)
AND LOCAL CRIMINAL RULE 101(g)

MISC. NO. 03-115(JAF)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER ADOPTING NEW LOCAL CRIMINAL RULE 144.2 AND NEW LOCAL CIVIL RULE 1(g) AND NEW LOCAL CRIMINAL RULE 101(g)

Pursuant to 28 U.S.C. §§ 2071(a) and (b), on April 4, 2007, the Clerk of Court

published Notice No. 07-03 with proposed amendments to the instant rules.  Comments

were received, filed and considered by the Court.   Thereafter, the following final

amendments were unanimously approved by the judges of the Court.

### Local Criminal Rule 144.2



### Appointment of Counsel and Case Management In Capital Cases

### RULE 144.2 - Appointment of Counsel and Case Management in Capital Cases

#### (a)    Applicability and Purpose

The provisions set forth in this Rule shall govern in all capital cases. For the purposes of this Rule, "capital cases, " or "cases involving the death penalty," are those criminal cases which have been identified as ones in which the death penalty may be or is being sought by the prosecution, as well as proceedings under 28 U.S.C. §2254 or §2255 seeking to vacate or set aside a death sentence. This Rule is intended to supplement the Plan for Implementing the Criminal Justice Act of 1964, as amended 18 U.S.C. Sec. 3006 (a) ("CJA Plan") for this district, which provides that in all capital cases, the presiding Judge "shall appoint the most qualified [CJA Panel] attorney, regardless of the number of previous appointments . . . [or] may select an attorney who is not a Panel member." In cases where counsel has already been appointed or retained, this Rule shall apply to permit the appointment of additional or, if necessary, substitute counsel.

The provisions of this Rule shall be implemented by the presiding Judge at the earliest practical opportunity, once a defendant is charged in a capital case.

**(b)    Identification of Capital Cases**

Upon the filing of a Criminal Complaint or Indictment in a case in which the maximum possible penalty is death, the United States Attorney shall file, with the Clerk of Court, a Certificate of Death Penalty Case, thereby identifying the criminal matter as a capital case for purposes of this Rule. The Clerk of Court shall devise and implement a special filing procedure for capital cases.

**(c)    Counsel in Capital Cases**

Due to the complex, demanding, and protracted nature of death penalty proceedings, a defendant who is or has become financially unable to obtain adequate representation and who applies for appointment of counsel at government expense shall be entitled to the assignment of two attorneys who meet the qualifications set forth in this Rule. At least one of the attorneys appointed to such a defendant shall be learned in the law applicable to capital cases, and, when applicable, qualified as required by 18 U.S.C. Sec. 3599 (b) or (c). The presiding Judge shall appoint separate teams of counsel for each defendant, one of whom shall be designated Learned Counsel, and the other, or others, Assistant Counsel.

**(d)    Qualifications of Attorneys: Learned Counsel**

To be eligible for an appointment as Learned Counsel in a capital case, an attorney must:

**(1)**    be a member of the bar of this Court, or be admitted to practice pro hac vice on the basis of his or her qualifications;

**(2)**    have at least five years experience in the field of federal criminal practice;

**(3)**    have prior experience, within the last three years, as defense counsel in the trial of no fewer than three serious and complex felony cases that were tried to completion in federal court, and have prior experience, within the last three years, as defense counsel in a capital case; and

**(4)**    have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to the defense of capital cases.

**(e)    Qualifications of Attorneys: Assistant Counsel**

To be eligible for appointment as Assistant Counsel in a capital case, an attorney must:

**(1)**    be a member of the bar of this Court, or be admitted to practice pro hac vice on the basis of his or her qualifications;

2

**(2)**     have at least five years experience in the field of federal criminal practice;

**(3)**     have prior experience as defense counsel demonstrating adequate proficiency in connection with serious and complex felony cases; and

**(4)**     have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to the defense of capital cases.

**(f)     Special Appointments: Discretionary, Additional, Stand-by, or Substitute Counsel**

The presiding Judge may, for good cause, appoint attorneys who do not meet this Rule's qualifications requirements but whose background, knowledge, or experience would otherwise enable them to properly represent a defendant in a capital case, provided that Learned Counsel for each defendant shall, nevertheless, have prior experience, within the last three years, as defense counsel in a capital case, as required by section (d)(3) of this Rule.

Where the defendant has retained counsel, the presiding Judge may appoint additional, stand-by, or substitute counsel, in order to ensure the adequate representation of the defendant. Such an appointment may take place at any stage in the proceedings.

**(g)     Interpreters**

Should any counsel appointed to represent a defendant accused in a capital case not be fluent in the defendant's native language, an interpreter shall be appointed to assist counsel pursuant to the provisions of this Rule and the Criminal Justice Act.

**(h)     Withdrawal of Counsel**

Each attorney representing a defendant in a capital case shall, unless excused by the presiding Judge, continue in his or her representation. Should the defendant be convicted, regardless of whether he or she is sentenced to death, counsel shall continue representing the defendant unless relieved by the presiding Judge, or by the Court of Appeals for the First Circuit. When applicable, appointed counsel must also meet the requirements of 18 U.S.C. Sec. 3599 (e) before withdrawal would be authorized.

**(I)     Termination of Appointment**

If, following the appointment of counsel in a case in which a defendant was charged with an offense that may be punishable by death, it is determined that the death penalty will not be sought, the Court may consider the question of the number of counsel and the rate of compensation needed for the duration of the proceeding.

After considering whether the number of counsel initially appointed is necessary to ensure effective representation or to avoid disruption of the proceeding, the Court may continue such appointments or make an appropriate reduction.

3

After considering the need to compensate appointed counsel fairly, taking into account the commitment of time and resources appointed counsel has made and will continue to make, the Court may continue to pay the rate previously approved or prospectively reduce such rate.

**(j)**     **Assessment of Costs and Fees**

**(1)**     Counsel. Counsel appointed pursuant to this Rule shall be compensated at a rate and in an amount determined by the presiding Judge to be reasonably necessary for qualified counsel to provide adequate representation in a capital case. The Court may set the hourly rate of compensation at the time counsel are appointed, or at any other time thereafter. In addition, the presiding Judge must take into consideration any applicable statutory limits regarding costs and fees.

**(2)**     Investigative, Expert, and Other Services. Upon a finding that investigative, expert or other services are necessary for the adequate representation of a defendant in a capital case, the presiding Judge shall authorize counsel to obtain such services on behalf of the defendant, and shall set the rate of compensation after consideration of the limits set by statute and the amounts determined to be reasonably necessary in order to ensure competent and satisfactory assistance. Proceedings concerning such services may be held ex parte and in camera, upon a proper showing.

Upon a finding that timely procurement of necessary investigative, expert or other services could not practicably have awaited prior authorization, the presiding Judge may authorize such services at government expense even if they have already been obtained.

Counsel may request compensation, and fees and expenses for investigative, expert and other services, in excess of the rates and maximum limits set by statute, regulation, or other provision as authorized by prevailing law, including 18 U.S.C. Sec. 3599.

**(3)**     Interim Billing. Interim billing shall be allowed.

**(4)**     Confidentiality. Upon a proper showing concerning the need for confidentiality, petitions for the payment of costs and fees, including the time and expense records of counsel, shall be heard ex parte and in camera. Such petitions shall be placed under seal and shall be inaccessible to the prosecution and the public, absent an order of the Court, until disposition of the petition.

**(k)**     **Initial Status Conference and Case Management Schedule**

**(1)**     In all identified capital cases, the presiding Judge shall promptly conduct an Initial Status Conference, in order to ensure the effective management of the case, including the appointment of counsel pursuant to this Rule.

4

**(2)** Upon the return or unsealing of an Indictment in a capital case, the following terms and conditions shall be strictly enforced:

    **(I)** Defense counsel may present, within ninety (90) calendar days, to the United States Attorney and the Attorney General, all mitigating factors and factual reasons as to why the death penalty should not be sought.

    **(ii)** After the first ninety (90) calendar days have elapsed, the government shall conclude, within the next sixty (60) calendar days, the preparation of its Death Penalty Evaluation (DPE) form and prosecution memorandum to the Attorney General. The government shall append the defendant's memorandum described above to its prosecution memorandum.

    **(iii)** If the government intends to seek the death penalty, the United States Attorney shall file a final Notice of Intent to Seek the Death Penalty within thirty (30) calendar days after submission of the Death Penalty Evaluation (DPE) form and prosecution memorandum to the Attorney General.

**(3)** The aggregate term of one-hundred and eighty (180) calendar days may be extended at the discretion of the Court. The government's failure to file a final Notice of Intent to Seek the Death Penalty within the specified maximum term, may cause the criminal matter to be treated as an ordinary felony case.

**(4)** None of the above-mentioned terms shall impede the Court from issuing an order at an early status conference requiring the government to file any Notice of Intent to Seek the Death Penalty by a date certain.

**(5)** In order to expedite compliance with this Rule, counsel shall become familiar with the United States Department of Justice protocol, practices, and procedures in capital cases.

## (l)   Records of Appointments

In accordance with the provisions of the CJA Plan, a listing of qualified attorneys and a record concerning appointment of counsel in capital cases shall be prepared by either the appointment judicial officer or the Clerk of Court. The Clerk shall maintain, separate from the file of the case, such records and other documentation concerning each appointment, in order to monitor adherence to and compliance with the appointment process delineated in this Rule.

The Clerk shall also, based on the appointment records, maintain a roster of Learned and Assistant Counsel who meet the eligibility requirements set forth in this Rule.

## (m)   Stays

Upon the filing of a notice of appeal, motion for reconsideration, habeas corpus petition, or other such action which has the practical effect of challenging a sentence of death, the

5

presiding Judge shall issue a stay of execution pending final disposition of the matter accompanied by any necessary findings. The Clerk shall immediately notify all parties, and the state or federal authorities responsible for implementing the defendant's sentence of death, of the stay. If notification is oral, it shall be followed by written notice. Unless vacated or modified, the stay will continue in effect until the expiration of all proceedings available to and elected by the defendant, including review by the United States Supreme Court, unless otherwise ordered by the Court. The District Court shall grant a prompt hearing as required by 28 U.S.C. §2255 and the review in capital cases shall have priority over all other cases, as required by 18 U.S.C. §3595. The Clerk shall send notice to all parties, and the state or federal authorities responsible for implementing the defendant's sentence of death, when the stay imposed by this provision is no longer in effect.

**(n)    Emergency Court Contacts**

In all capital cases where the death penalty has been authorized, the Clerk of Court shall devise and implement a system for contacting the presiding Judge, counsel for the parties, the United States Marshal for this District or his representative, and the warden of the penal institution where the defendant is awaiting execution.

**LOCAL CIVIL RULE 1(g) AND LOCAL CRIMINAL RULE 101(g)**

**(g)    Suspension of the Rules**

The Court, may suspend or modify the requirements or provisions of any of these Rules in a[ny] particular case by written order.  When a Judge of this Court issues any order in a specific case which is not consistent with these Rules, such order shall constitute a suspension of these Rules for such case and only to the extent that it is inconsistent therewith.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of July, 2007.

JOSE ANTONIO FUSTE
CHIEF JUDGE