

# FEDERAL PUBLIC DEFENDER
### DISTRICT OF PUERTO RICO

RACHEL BRILL
*Federal Public Defender*

ANDREW S. McCUTCHEON
*First Assistant*

VIVIANNE M. MARRERO-TORRES
SULAY RIOS-FUENTES
FRANCO L. PEREZ-REDONDO
EDWIN A. MORA-ROLLAND
*Supervisory AFPDs*

*RECEIVED & FILED
CLERK'S OFFICE
JUN 14 2024
US DISTRICT COURT
SAN JUAN, PR*

June 14, 2024

Clerk of Court
Attention: Public Comments
Federico Degetau Federal Bldg.
150 Carlos Chardón Avenue, Room 150
San Juan, PR 00918-1767
<u>BY HAND</u>

**Re: Misc. No. 03-115 (RAM), Amendment of Local Criminal Rules 132, 132.1 & 144**

Dear Clerk of Court:

Enclosed please find public commentary by the Federal Public Defender's Office, pertaining to the proposed amendment of Local Rule 132 and 132.1.

Thank you in advance for sharing it with the Judges of the Court and any interested parties.

Sincerely,

Rachel Brill
Federal Public Defender
District of Puerto Rico

José David Rodríguez,
Assistant Federal Public Defender
Local Rules Committee Representative

# PUBLIC COMMENT ON PROPOSED AMENDMENT TO DISTRICT OF PUERTO RICO LOCAL RULES 132, 132.1, & 144

## Introduction

The Federal Public Defender's Office is grateful for the opportunity to provide commentary regarding the proposed amendments to Local Rules 132, 132.1, and 144.

The amendments pertaining Local Rules 132 and 132.1 will, in effect, impose a blanket prohibition on probation officers disclosing their sentencing recommendations to the parties. No explanation is given for why such an absolute ban is necessary or for why non-disclosure should not be the exception rather than the rule. The requested amendment to the rule undermines transparency during a critical stage of criminal proceedings and will ultimately result in more litigation at both the district court and appellate levels.

The limitation on probation officers sharing their recommendations is particularly counterproductive in revocation proceedings, where probation officers play a central role and where no other party is better positioned to advocate for an accurate, efficient, and fair resolution. Everyone involved in the sentencing process benefits from open and frank communication, and that is particularly the case during revocation proceedings.

The proposed amendment to Local Rule 144 streamlines the process for CJA-appointed attorneys to submit documentation in support of the work they have done. The FPD Office is in agreement with this proposed amendment.

## I. Disclosure of sentencing recommendation is the default under the Federal Rules.

Communication fosters transparency and trust. It is also practical, avoiding misunderstandings and allowing everybody—defense counsel, prosecutor, defendant, judge, and probation officer—to focus on what is important. It is therefore not surprising that the Federal Rules of Criminal Procedure make disclosure of a probation officer's sentencing recommendation the norm.

Specifically, Fed. R. Crim. P. 32 operates under the assumption that the probation officer will share its sentencing recommendation with the defense and prosecution. Disclosure is the default rule. Only as an exception does the system contemplate a probation officer's sentencing recommendation being confidential. *See* Fed. R. Crim. P. 32(e)(3) (providing for confidentiality only when there has been an order by the judge in a given case so stating, or when there is a local rule altering the default requirement of disclosure).

Public Comment
Re: Amendment of Local Rules 132 & 132.1
Federal Public Defender's Office, District of Puerto Rico

Further, in revocation proceedings, it is unclear whether a blanket rule prohibiting disclosure of the sentencing recommendation is even authorized. Unlike Rule 32 (concerning sentencing in criminal cases), Fed. R. Crim. P. 32.1 (concerning revocation proceedings) does not contain a provision providing for the suppression of a probation's officer recommendation under certain circumstances. Therefore, in revocation cases, the system's default rule—disclosure to the parties—is also the only rule.

II. **In criminal cases, the ban on open communication does not promote transparency and will create more litigation.**

Prohibiting probation officers from sharing their sentence recommendation with the parties creates an environment of secrecy, mistrust, and obscurity at odds with the federal sentencing goals. The Supreme Court, for example, has said that "[c]onfidence in a judge's use of reason underlies the public's trust in the judicial institution." *Rita v. United States*, 551 U.S. 338, 356 (2007). Transparency and disclosure of information provided to and relied on by the sentencing judge "helps provide the public with the assurance that creates the trust." *Id.*

A rule that shrouds the probation officer's recommendation in a mantle of secrecy creates the appearance of hidden information that is hard to reconcile with values such as transparency, accountability, and legitimacy in sentencing. These are fundamental principles important not only to the people being sentenced, but also to victims of crime and to the public at large. *See United States v. Peterson*, 711 F.3d 770, 778–79 (7th Cir. 2013) ("To the extent confidential sentencing recommendations create the appearance of hidden information or a secret tilt in the government's favor, we offer the view that our federal sentencing procedures might be better served by allowing the parties to evaluate any analysis that might form the basis of a judicial determination.").

Open dialogue also promotes less litigation, both at the district court and appellate level. *Cf.* Local Rule 16 (directing the parties to confer prior to the filing a continuance); Local Rule 116(b) (directing the parties to confer prior to the filing of discovery motions). To be very clear, the FPD is not advocating that everyone needs to agree on a disposition prior to sentencing. Rather, disclosure and discussion will inevitably enhance accuracy, efficiency, and fairness. A convicted person has a due process right to have his sentence based on accurate information. *See United States v. Curran*, 926 F.2d 59, 61 (1st Cir. 1991) (citing cases). Disclosure of the probation officer's recommendation further protects this right by providing for notice and an opportunity to be heard as to all relevant sentencing facts and factors. Under the proposed rule, on the other hand, parties will have to react "on the spot" to a court's determination, which may be based on inaccurate or incomplete information.

Public Comment
Re: Amendment of Local Rules 132 & 132.1
Federal Public Defender's Office, District of Puerto Rico

Another way in which the proposed amendment could lead to more litigation is with reference to plea agreements. As the Supreme Court has recognized, "ours is for the most part a system of pleas, not a system of trials." *Missouri v. Frye*, 566 U.S. 134, 143 (2012) (quoting *Lafler v. Cooper*, 566 U.S. 156, 170 (2012)). Over 97 percent of convictions are obtained through plea agreements. Without plea bargaining, the criminal legal system as we know it would simply collapse. For pleas to work, however, they need the cooperation and understanding of everyone involved, including the Probation Office.

Allowing frank and honest communication between the parties and Probation helps the parties know whether a joint plea recommendation, for example, is feasible, or whether the probation officer will recommend something else. If Probation will recommend a different sentence, the parties, having notice of that, can prepare ahead of time by addressing any of Probation's concerns and explaining at the sentencing hearing why the plea should still be followed. But if the parties are in the dark about what one of the three key participants in the process thinks, the likelihood for turbulence at the sentencing hearing, and beyond, increases.

The order announcing the proposed amendments contains no explanation about why the default rule (disclosure) needs to be scrapped, or why a blanket prohibition on Probation sharing its sentence recommendation with the parties is necessary *in all cases*. In any event, it is important to remember that the legal system already contains a mechanism to make the recommendation confidential if the circumstances warrant it—Fed. R. Crim. P. 32(e) (allowing the presiding judge to issue an order requiring confidentiality as needed).

Because judges already have the tool to manage any concerns that could arise when providing the defense and prosecution notice of the officer's recommendation, imposing a blanket rule in the abstract, for all cases, under every circumstance, without explaining why such drastic rule is necessary, seems like taking the "nuclear" option when there are more measured steps that can be taken.

### III. The problems with the restriction on sharing Probation's recommendation are most compelling in revocation proceedings.

Probation officers drive the revocation proceeding. They are the ones tasked with supervising the person, they have day-to-day knowledge of how the person is doing, what their circumstances are, what issues they may be confronting in reentering the community, and how they can be better helped. In revocation proceedings, probation officers have unparalleled knowledge about the alleged violation and the better ways to address it. Their input is crucial to achieve a fair, effective, and expedient resolution.

The most productive way to resolve revocation proceedings is to confer with the probation officer about what they want and to know what outcome they are seeking for our clients. We want their input as soon as possible, because it has an impact (and can resolve) the case, often as early as the initial appearance.

For example, our office often represents clients in revocation cases where the probation officer has alleged that the client violated the conditions of supervised release by failing to report to treatment. We have been able to work together and effectively solve the problem at the initial stage by obtaining bail for our clients with the condition that they will be released from MDC straight to the treatment program. That could not have happened had we not been able to pick up the phone, call Probation, and ask them: "What do you want for the client?" "What is the best outcome for everyone?"

That anecdotal example applies throughout the revocation process. In revocation proceedings, being able to discuss sentencing recommendations with Probation allows us to achieve the best result for our clients, for the family members that depend on our clients, and for the community as a whole. The goal of a revocation proceeding is, very often, not to punish the client. The goal is to make sure the client complies with their release conditions so they can be successfully reincorporated into society. Because probation officers are tasked with supervising our clients and helping our clients thrive, they are uniquely equipped to help the parties understand what is an effective resolution that addresses the underlying concerns while minimizing the unnecessary expenditure of government resources.

Prosecutors often see themselves as advocating for the position of the probation officer in revocation proceedings, so communication between government counsel and the probation officer is very often inevitable. Similarly, defense counsel needs to have frank communication with the probation officer to ascertain whether, for example, a non-incarcerative disposition is something the probation officer can work with and accept. Free discussions of that kind, integral to how revocation proceedings are conducted in our District, are crucial to ascertain viable paths to a quick and productive resolution.

The proposed amendment to Local Rule 132.1 will chill communications between the parties and the probation officer for fear of running afoul of the Rule. For the prosecution, it is probably an unworkable protocol since the government attorney will almost always consult with the probation officer prior to the hearing in order to know what to advocate. When the defense is added into the mix, chilling communication will diminish collaborative resolutions while leading to unnecessary litigation, contested hearings, and revocation cases becoming lengthier and more time consuming.

Open dialogue fosters trust, expediency, and more optimal results overall. Everyone benefits when there is more collaboration and communication. In instances where a court must intervene in the supervision process, open and frank communication should be encouraged.

### IV.  If the amendment is adopted, Puerto Rico would be an outlier in the First Circuit.

The districts of Massachusetts and Rhode Island have no local rule suppressing disclosure of Probation's recommendation. In New Hampshire, while a Local Rule has been adopted to override the default rule, the Local Rule itself makes clear that the limitation does not apply to revocation proceedings: "Such recommendation shall not be disclosed to the parties *except in probation and supervised release revocation proceedings.*" D.N.H. Loc. R. 32.1(h).

Moreover, the district of Maine has adopted a Local Rule for revocation proceedings reaffirming the disclosure requirement and ordering Probation to file early in the proceedings a report (accessible to the parties) containing the probation officer's "dispositional recommendation," among other things. *See* D. Me. Loc. R. 132.1. Such a position is consistent with the recommendation of the American Bar Association Criminal Justice Section. ABA Crim. Justice Section: Sentencing, Standard 18–5.7 (providing that all rules of procedure "should prohibit confidential sentencing recommendations.").

Courts throughout the nation have adopted similar views. *See, e.g.*, S.D. Ohio Crim. R. 32.1(f) ("[U]nless otherwise ordered in an individual case, the Probation Officer's recommendation, if any, on the appropriate sentence shall be disclosed in all copies of the initial and final presentence report including those furnished to counsel."); E.D. Cal., L.R. 461(c) ("A copy of the probation officer's proposed presentence report, including the probation officer's recommendations, shall be made available to the United States Attorney's Office and to defense counsel not less than thirty-five (35) days before the date set for sentencing hearing."); E.D. Tex. General Order 14-7(b) ("The probation officer shall disclose the entire presentence investigation report including the recommendation and recommended conditions of supervision (if applicable).").

If the District of Puerto Rico decides to amend Local Rule 132 and 132.1 to prohibit Probation from sharing its sentence recommendation with the parties, this Court would be straying from the default rule in the Federal Rules of Criminal Procedure. By extending the ban to revocation proceedings our District will be entering uncharted territory, imposing a limitation that will render revocation proceedings unworkable, inefficient, and unnecessarily time consuming.

\* \* \* \*

Thank you for the opportunity to address these proposed amendments. We are confident that the Court will carefully consider the points we have raised, and hopeful that the Court will not adopt a rule that limits communication between the parties and creates an appearance of secrecy affecting all criminal and revocation cases.

We are willing and able to work with this Court and with the other institutional participants in our District to address any concerns the Court may have and that may have led to proposing the aforementioned amendments to Local Rules 132 and 132.1.

Respectfully,

**s/Rachel Brill,**
**Federal Public Defender**
**District of Puerto Rico**

**s/José David Rodríguez,**
**Assistant Federal Public Defender**
**Local Rules Committee Representative**